IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARNELL M. SMITH, #B-08542,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 12-cv-213-JPG |
| ) | |
| **GIST FLESHMAN,** ) | |
| **JULIE M. KOERNER, and** ) | |
| **JOHN W. ROBERTSON,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Darnell M. Smith, an inmate in the Western Illinois Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Defendant Fleshman is the Clerk of the Illinois Appellate Court, Third District, in Ottawa, Illinois. Defendants Koerner and Robertson are attorneys who represented Plaintiff's opponents in a lawsuit he filed in the Circuit Court of Warren County in 2007, and then appealed to the Third District. The attorney Defendants continued to represent their clients during Plaintiff's appeal.

Plaintiff has a long history of filing frivolous, redundant, and malicious lawsuits in the federal district court for the Central District of Illinois. Plaintiff's claims all arose from his 2005 arrest and trial in Warren County on a burglary charge, of which he was ultimately acquitted. He is currently serving a sentence for burglary on a different case. After the Warren County acquittal, Plaintiff has filed a series of civil cases in state and federal court claiming that numerous defendants violated his civil rights in that proceeding. Warren County Case No. 07-L-14, styled *Smith v. Blust*, was one of those cases. In the case at bar, he accuses Defendants of

engaging in a conspiracy against him and fraud on the court, to prevent his claims from being heard by the trial and appellate courts.

Notably, Warren County, where Plaintiff's claims arose, is situated in the federal judicial district for the Central District of Illinois. 28 U.S.C. § 93(b). Plaintiff does not indicate where Defendants Koerner or Robertson are located. The Third District of the Illinois Appellate Court, where Defendant Fleshman is Clerk, is located in LaSalle County in the Northern District of Illinois, 28 U.S.C. § 93(a)(1). None of the parties nor any of the events giving rise to this action have any connection to the Southern District of Illinois.

Where a case is filed in the wrong venue, 28 U.S.C. § 1406(a) directs the Court to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Where a federal claim is not based solely on diversity of citizenship, that claim may be brought "only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). Ordinarily, this Court would order the transfer of an action filed in the wrong venue to the federal district where venue would be proper; in this case, the Central District of Illinois. However, such a transfer would not be in the interest of justice here. Instead, this case shall be dismissed, for the reasons to follow.

First, Plaintiff has already accumulated more than three "strikes" within the meaning of 28 U.S.C. § 1915(g). Therefore, Plaintiff cannot proceed *in forma pauperis* ("IFP") in any civil action, but instead must pre-pay the filing fee unless he can demonstrate that he is under

"imminent danger of serious physical injury." [1] 28 U.S.C. § 1915(g). Plaintiff has filed a motion for leave to proceed IFP in this action (Doc. 3). However, neither that motion nor the instant petition contains any allegations that might support a conclusion that Plaintiff is in imminent danger of any physical injury, serious or otherwise.

Moreover, because of Plaintiff's long history of filing frivolous and meritless lawsuits and failing to comply with court orders, the Central District of Illinois has barred him from filing any new civil actions in that court. In *Smith v. Blust*, Case No. 10-cv-4017-HAB-JAG (C.D. Ill.) (Doc. 12, May 18, 2010), the court ordered:

> The clerk of the court is directed to return unfiled all papers tendered by this plaintiff until the plaintiff has paid in full the outstanding fees in all civil actions he has filed. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999); *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). In accordance with the Seventh Circuit Court of Appeals ruling in *Support Systems International, Inc. v. Mack*, exceptions to this filing bar are made for criminal cases and for applications for writs of habeas corpus. This order may be re-examined in two years. *See Mack*, 45 F.3d at 186-187.

An examination of the electronic docket available through the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) for this case and Plaintiff's other cases in the Central District of Illinois reveals that this filing bar has not been lifted. Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). Therefore, a transfer of the instant case to the Central District of Illinois would be futile, not to mention a further waste of precious judicial resources, of which

---

[1] *See Smith v. Blust*, Case No. 10-4017-HAB-JAG (C. D. Ill.) (Doc. 7, Feb. 25, 2010).

this Plaintiff has already consumed far more than his share.  Because of Plaintiff's three-strike status and the absence of any allegations of imminent physical danger, a transfer to the Northern District of Illinois would be equally wasteful.

Plaintiff may be under the mistaken impression that because a case he filed against two sitting federal judges in the Central District of Illinois (*Smith v. McCuskey*, Case No. 12-cv-3020-DRH) was specially assigned to Southern District of Illinois Chief Judge David R. Herndon, he now may file his lawsuits in this Court regardless of where the action arose or the location of the Defendants.  However, this is not the case.  A civil action must be brought in the proper federal judicial district in accordance with 28 U.S.C. § 1391, 28 U.S.C. § 93, and other applicable provisions of law.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** in accordance with 28 U.S.C. § 1406(a).  All pending motions (Docs. 2 & 3) are **DENIED AS MOOT.**

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

DATED:   March 27, 2012

    *s/J. Phil Gilbert*
    **United States District Judge**